

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION**

| | | |
|---|---|---|
| JEROME R. CAMPBELL, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | Civil Action No. 8:25-3808-MGL |
| | § | |
| WARDEN TERRIE WALLACE, | § | |
| *Kirkland Correctional Institution*, | § | |
| Respondent. | § | |

---

**ORDER ADOPTING REPORT AND RECOMMENDATION,
GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT
DISMISSING PETITIONER'S SECTION 2254 PETITION,
AND DENYING PETITIONER'S MOTION TO STAY**

---

## I.     INTRODUCTION

Pending before the Court is Petitioner Jerome R. Campbell's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He was incarcerated at Kirkland Correctional Institution following convictions in the Charleston County Court of General Sessions for murder and three counts of assault with intent to kill.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting the Court grant Respondent's motion for summary judgment.  The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

1

## II.     FACTS AND PROCEDURAL HISTORY

It is unnecessary to recite the entire factual and procedural history of Campbell's case here, as the Court will incorporate the Report in this respect.  The only facts of importance are as follows: Campbell was convicted following a jury trial and appealed his case to the South Carolina Court of Appeals.  That court affirmed his convictions, and it denied his petition for rehearing on October 23, 2013.  Campbell failed to seek further review from the South Carolina Supreme Court or the United States Supreme Court.

He then filed a post-conviction relief (PCR) application in state court on May 12, 2014, seeking to invalidate his convictions.  That application was denied by the circuit court, and the South Carolina Court of Appeals affirmed denial of his application in 2023.  On September 24, 2024, the South Carolina Supreme Court denied his petition for a writ of certiorari seeking review of that decision.  Ultimately, the remittitur in his case was filed on October 1, 2024.

Following denial of the initial PCR application, Campbell filed this § 2254 petition on May 6, 2025.  Respondent filed a motion for summary judgment.  Campell filed a response to that motion, to which Respondent filed a reply.  The Magistrate Judge then filed his Report recommending the Court grant the motion for summary judgment and dismiss the petition. Campbell filed objections to the Report, and Respondent filed a response to the objections.

Following the Report, Campbell filed a motion to stay proceedings, seeking to hold his case in abeyance while the state courts consider a second PCR application he filed on February 5, 2026.  Respondent opposes the motion.

2

### III.     STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

### IV.     DISCUSSION AND ANALYSIS

#### A.     *Whether Campbell's Petition Should be Dismissed*

The Magistrate Judge recommends dismissing the petition because it is untimely.  Report at 14-16.  The Magistrate Judge reasoned, as Respondent urged, Campbell failed to file his petition within the one-year limitations period established by 28 U.S.C. § 2244(d).

Subsection 2244(d) provides in relevant part the limitation period begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  § 2244(d)(1)(A).  Here, after the South Carolina Court of Appeals affirmed Campbell's convictions on direct appeal, he had thirty days in which to file a petition for a writ of certiorari with the South Carolina Supreme Court.  S.C. App. Ct. R. 242(c) ("A petition for writ of certiorari shall be . . . filed with . . . the Clerk of the Supreme Court within thirty (30) days after the petition for rehearing or reinstatement is finally decided by the Court of Appeals.").

The Magistrate Judge concluded that because Campbell's petition for rehearing was denied on October 23, 2013, his limitations period began to run thirty days later.  *See Holbrook v. Curtin*, 833 F.3d 612, 618 (6th Cir. 2016) (explaining under § 2244 "a judgment does not become 'final'

on direct appeal until the 'time for seeking review with the State's highest court expire[s],' even if a petitioner does not appeal to the State's highest court" (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012)) (alteration in original)).

Campbell recognizes his petition is untimely if the Magistrate Judge's analysis is correct. He argues, however, the limitations period began to run only after the expiration of "the entire period in which certiorari could be sought from the United States Supreme Court, so long as that avenue of direct review remained legally open in the case." Objections at 3. That period is ninety days, and if Campbell is correct his application is timely.

The Magistrate Judge considered and rejected this argument on the basis of *Gonzalez v. Thaler*, 565 U.S. 134 (2012). Report at 14-15. In *Gonzalez*, the United States Supreme Court considered when the limitations period began to run on a petitioner who declined to seek discretionary review in Texas's highest court, 565 U.S. at 138, just as Campbell declined to petition the South Carolina Supreme Court on direct appeal. On review of Gonzalez's later habeas petition, the Supreme Court expressly rejected the exact argument Campbell raises here:

> Finally, Gonzalez argues . . . his petition should be considered timely because it was filed within a year of when his time for seeking this Court's review—as opposed to the Texas [highest court]'s review—expired. We can review, however, only judgments of a "state court of last resort" or of a lower state court if the "state court of last resort" has denied discretionary review. Because Gonzalez did not appeal to the Texas [court of last resort], this Court would have lacked jurisdiction over a petition for certiorari from the Texas Court of Appeals' decision affirming Gonzalez's conviction. We therefore decline to incorporate the 90–day period for seeking certiorari in determining when Gonzalez's judgment became final.

565 U.S. at 154 (internal citations omitted). Campbell fails to distinguish his circumstances from those the Supreme Court considered in *Gonzalez*, and the Court therefore rejects his argument.

4

Campbell also fails to offer any alternative argument which would render his petition timely—except equitable tolling, which will be addressed shortly—and he effectively concedes his petition is untimely if the ninety-day period for certiorari review by the Supreme Court is excluded. Because that period must be excluded under *Gonzalez*, his petition is untimely and his objections will be overruled on this point.

Nonetheless, Campbell contends the limitations period should be equitably tolled in this case such that his petition is timely. Objections at 4-5. Campbell argues:

> The Magistrate Judge calculates that, under the narrowest reading of § 2244(d)(1)(A) and *Gonzales*, Campbell's petition was filed 22 days beyond one year. Even accepting that calculation, equitable tolling is appropriate where the alleged untimeliness is brief, the petitioner's overall course of conduct reflects consistent diligence, and the timeliness question turns on complex and technical interactions between federal statutes and state appellate practice, rather than simple inattention.

Objections at 5. The Court disagrees.

Equitable tolling is available on a § 2254 petition, but "rarely will circumstances warrant equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). Equitable tolling is limited to "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* (quoting *Harris*, 209 F.3d at 330).

Here, Campbell's argument in favor of equitable tolling is unavailing. He has failed to even allege circumstances beyond his control prevented him from complying with the one-year statute of limitations. In Campbell's Objections he recognizes he waited "months" following his direct appeal to file his PCR action and then a further "seven months" after he unsuccessfully appealed the denial of PCR before filing the instant petition. Objections at 5. Therefore, his failure

5

to comply with the statute of limitations is solely his own doing, and this Court is unable to apply equitable tolling to rescue his untimely petition.  The objection will be overruled.

### B.     *Whether Campbell's Motion to Stay Should be Granted*

Concerning Campbell's motion to stay, he has failed to allege the successive PCR application he filed could in any way resurrect or save his current petition from the time-bar.  Nor could he.

Campbell expressly recognizes his "newly raised claim . . . was not presented in Campbell's initial PCR proceedings" and "has not been exhausted for federal habeas purposes." Objections at 3.  The new ground for relief in his successive PCR application is absent from the current petition.  Accordingly, he is precluded from amending the current petition to add the new— and largely unidentified—claim for relief.  *Mayle v. Felix*, 545 U.S. 644, 650 (2005) ("An amended habeas petition, we hold, does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").  Thus, staying the case while the new allegation is litigated in state court would be pointless.

Moreover, regardless of the new PCR application or any stay, Campbell's current petition is still untimely.  Because the Court will dismiss Campbell's petition, the motion for a stay would be without effect and moot.

## V.     CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Campbell's objections, adopts the Report, and incorporates it herein.  Therefore, Respondent's motion for summary judgment is **GRANTED** and Campbell's

petition for a writ of habeas corpus is **DENIED**.  His motion to stay proceedings is **DEEMED AS MOOT**.

To the extent Campbell seeks a certificate of appealability, that request is **DENIED**, too.

**IT IS SO ORDERED.**

Signed this 31st day of July 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*

**NOTICE OF RIGHT TO APPEAL**

Campbell is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.